PER CURIAM.
¶ 1 Sallie Rubenzer appeals a judgment convicting her of operating while intoxicated, as a fifth offense, contrary to WIS. STAT. § 346.63(1)(a) (2015-16).[1] Rubenzer argues that the circuit court erred by denying her motion to suppress evidence obtained pursuant to a warrantless entry into her garage. We affirm the judgment on the basis that the challenged evidence was admissible under the community caretaker exception to the warrant requirement.
BACKGROUND
¶ 2 A citizen called 911 to report a suspected intoxicated driver. The citizen followed the vehicle to the apparent residence of the vehicle owner, and a police officer was dispatched to respond to the call. When the officer arrived at the residence, he saw the garage door go up. The reported vehicle was in the driveway and appeared to be preparing to pull into the garage attached to the house. The officer parked his squad car on the street and walked up the driveway. The vehicle had pulled into the garage, and the garage door was now closing. The officer looked into the garage through a window in a service door. He observed that the sole occupant of the vehicle remained in the vehicle. The garage door began to open again and the officer observed the brake lights of the vehicle light up.
¶ 3 The officer testified at the suppression motion hearing that he "had reason to believe that the vehicle was going to back out of the garage and perhaps try and drive away." He entered the garage through the now open garage door and spoke to the driver through the vehicle's partially open window. The officer recognized the driver as Rubenzer, based on prior contact with her. He explained that a citizen witness had reported that Rubenzer appeared to be driving while intoxicated. Rubenzer turned off the vehicle and got out. A second officer arrived at the scene and, based on the observations of the two officers, Rubenzer was arrested for operating a motor vehicle while intoxicated. No warrant to enter the garage was ever sought.
¶ 4 Rubenzer moved to suppress the evidence obtained as a result of the warrantless entry into her garage. The circuit court denied the motion after a hearing. Rubenzer later entered a guilty plea and was sentenced. She now appeals, challenging the circuit court's ruling on her suppression motion.
STANDARD OF REVIEW
¶ 5 A motion to suppress evidence presents a question of constitutional fact, for which we employ two standards of review. We will uphold the circuit court's findings of fact unless they are clearly erroneous. State v. Hindsley , 2000 WI App 130, ¶ 22, 237 Wis. 2d 358, 614 N.W.2d 48. However, we will determine independently whether the facts found by the circuit court meet constitutional standards. Id.
DISCUSSION
¶ 6 The dispositive issue in this case is the applicability of the community caretaker exception to the warrant requirement of the Fourth Amendment to the United States Constitution and article I, section 11 of the Wisconsin Constitution. Rubenzer takes the position that neither the community caretaker exception, nor any other exception to the warrant requirement, applies under the circumstances, and that the circuit court erred in denying her suppression motion. The State argues that the community caretaker exception applies to the warrantless entry of Rubenzer's garage in this case. We agree, and we affirm on that basis.[2]
¶ 7 A warrantless search or seizure is per se unreasonable under the Fourth Amendment, subject to several clearly delineated exceptions. State v. Pinkard , 2010 WI 81, ¶ 13, 327 Wis. 2d 346, 785 N.W.2d 592. One recognized exception is the community caretaker exception, under which "a police officer serving as a community caretaker to protect persons and property may be constitutionally permitted to perform warrantless searches and seizures." Id. , ¶ 14.
¶ 8 An officer's community caretaker function is distinct from the officer's law enforcement function, which involves the detection, investigation, or acquisition of evidence relating to the violation of a criminal statute. State v. Matalonis , 2016 WI 7, ¶ 30, 366 Wis. 2d 443, 875 N.W.2d 567. We use a three-step test to analyze the reasonableness of a residential search alleged to be justified under the community caretaker doctrine:
"(1) whether a search or seizure within the meaning of the Fourth Amendment has occurred; (2) if so, whether the police were exercising a bona fide community caretaker function; and (3) if so, whether the public interest outweighs the intrusion upon the privacy of the individual such that the community caretaker function was reasonably exercised within the context of a home."
Id. , ¶ 31 (quoting Pinkard , 327 Wis. 2d 346, ¶ 29 ).
¶ 9 The second prong of the test-reviewing whether an officer was engaged in a bona fide community caretaker function-requires an objectively reasonable basis for the officer to believe that a member of the public was in need of assistance or that the safety of an officer or of others was at risk. State v. Maddix , 2013 WI App 64, ¶ 1, 348 Wis. 2d 179, 831 N.W.2d 778. The third prong of the test requires us to consider the following four factors in assessing whether the public interest outweighs the intrusion on the individual's privacy:
"(1) the degree of the public interest and the exigency of the situation; (2) the attendant circumstances surrounding the seizure, including time, location, the degree of overt authority and force displayed; (3) whether an automobile is involved; and (4) the availability, feasibility and effectiveness of alternatives to the type of intrusion actually accomplished."
State v. Kramer , 2009 WI 14, ¶ 41, 315 Wis. 2d 414, 759 N.W.2d 598 (quoted source omitted).
¶ 10 Here, there is no dispute that the officer's entry of the garage constituted a Fourth Amendment event and that, as soon as the officer entered the garage, his conduct needed to meet the requirements of an exception to the warrant requirement in order to be lawful. The parties agree that the garage fell within the curtilage of Rubenzer's home. See State v. Davis , 2011 WI App 74, ¶ 9, 333 Wis. 2d 490, 798 N.W.2d 902 (the protections of the Fourth Amendment extend beyond the walls of the home to the curtilage). Therefore, we need only address the second and third prongs of the test stated above-that is, whether the officer was engaged in a bona fide community caretaker function when he conducted the search and, if so, whether the search represented a reasonable balancing of interests under the totality of the circumstances.
Bona Fide Community Caretaker Function
¶ 11 Rubenzer argues that the circuit court failed to apply the second prong of the test, and that the court merely made a conclusory statement that the officer had been "acting as a bona fide community caretaker." We disagree that the court failed to apply the second prong. The assessment of whether an officer acted for a bona fide community caretaker purpose "ultimately turns on whether the officer can 'articulate[ ] an objectively reasonable basis' for exercising a community caretaker function." State v. Asboth , 2017 WI 76, ¶ 15, 376 Wis. 2d 644, 898 N.W.2d 541 (alteration in original) (quoted source omitted). Here, the circuit court made an explicit determination that the officer had articulated such a basis.
¶ 12 In addition, the facts in the record support our own, independent conclusion that the officer possessed a bona fide community caretaker justification for entering Rubenzer's garage. To recap, the officer was dispatched in response to a call from a citizen who reported suspicion that Rubenzer was driving while intoxicated. The dispatcher informed the officer that Rubenzer had been convicted of four prior OWIs. The officer had made one of Rubenzer's prior OWI arrests and was familiar with Rubenzer. The officer testified that, when he saw Rubenzer's garage door go back up and the brake lights of the vehicle go on, he was concerned that Rubenzer was about to back out and drive away. We are satisfied that the officer's concern was reasonable under the circumstances.
¶ 13 Rubenzer argues the fact that the officer told her, once he was inside the garage, that he was there to "investigate," shows that he was not engaged in the function of a bona fide community caretaker. However, once "an objectively reasonable basis for the community caretaker function is shown, that determination is not negated by the officer's subjective law enforcement concerns." Kramer , 315 Wis. 2d 414, ¶ 30.
¶ 14 Wisconsin courts have long recognized the serious threat to human life and well-being posed by drunk drivers. See, e.g., State v. Carlson , 2002 WI App 44, ¶ 23, 250 Wis. 2d 562, 641 N.W.2d 451. Based on the facts stated above, we are satisfied that there was an objectively reasonable basis for the officer to believe that the safety of Rubenzer and of others was at risk. See Maddix , 348 Wis. 2d 179, ¶ 1. Therefore, we conclude, as did the circuit court, that the officer was engaged in a bona fide community caretaker function when he entered Rubenzer's garage.
Balancing of Interests
¶ 15 We turn next to the third prong, which requires us to conduct a balancing of interests by application of the four factors stated in Kramer , 315 Wis. 2d 414, ¶ 41. The first factor requires us to assess the degree of the public interest involved and the exigency of the situation. There is no question that the public has a strong interest in keeping intoxicated drivers off the road, where they are hazards to themselves and others. We discussed above, in relation to the second prong of the test, the fact that the officer in this case was familiar with Rubenzer and was aware that a citizen had reported that Rubenzer looked to be driving while intoxicated. We will not elaborate further on those facts here. Rubenzer does not seriously dispute that the officer had reason to believe that she was intoxicated. The fact that the garage door went up and the brake lights lit up gave the officer reason to believe she was about to back out of the garage and return to the road, lending exigency to the situation. The officer was away from his squad car, making it difficult for him to pursue Rubenzer if she drove away quickly. In light of all of these facts, we are satisfied that the officer had reasonable suspicion to believe that Rubenzer was intoxicated and that she was planning to return to the road. The public interest and exigency of the situation weighed in favor of the officer entering the garage to make contact with her.
¶ 16 The second factor under Kramer requires us to assess the attendant circumstances, including the time, location, and the degree of overt authority and force displayed. Id. Rubenzer does not present us with any developed argument on this factor, other than general assertions regarding the sanctity of a person's home and attendant curtilage. The record does not indicate that the officer engaged in any overt display of authority or that he used or threatened excessive force. We do not perceive there to be any real dispute as to this factor and, therefore, consider it satisfied.
¶ 17 Under the third Kramer factor, we consider the involvement of an automobile. See id. Here, this factor does not weigh in the State's favor. This is not a case where a police officer stopped an automobile on the road, where the expectation of privacy is lesser than in a person's home. Rather, the officer entered into the curtilage of a person's home. Although this factor does not help the State's position, it also does not negate the application of the community caretaker function, when considered along with the other factors in this case.
¶ 18 Turning to the fourth and final factor under Kramer , this is the availability, feasibility, and effectiveness of alternatives to the type of intrusion actually accomplished. Id. The State argues that the officer needed to enter the garage to prevent Rubenzer from following through on what appeared to be a plan to back out of the garage and return to the road. The State asserts that the officer, who was in uniform, acted in the least intrusive manner under the circumstances. Rubenzer disputes that the officer used the least intrusive means, and asserts that the officer who was in uniform could have accomplished the same goal without entering the garage by positioning himself outside the garage, on one side of the driveway, and signaling for Rubenzer to stop once her vehicle was outside or partially outside the garage.
¶ 19 We acknowledge that, with the benefit of hindsight, it appears that the officer probably could have positioned himself outside the garage in a way that was not hazardous to the officer and that put him in a position to reliably get Rubenzer's attention as she pulled out of the garage. However, Rubenzer's argument regarding the availability of alternative actions does not take into consideration the officer's reasonable belief, as we discussed in our analysis of the first Kramer factor, that he needed to act promptly to prevent Rubenzer from executing her apparent plan to drive away. Under these unusual circumstances, it may not have been apparent to a reasonable officer, on a moment's notice, that instead of directly approaching Rubenzer in the garage he could instead position himself safely outside the garage in a location that would allow him to get Rubenzer's attention. For this reason, we conclude that a reasonable officer in these circumstances would not necessarily have seen a feasible and effective alternative course of action.
¶ 20 Balancing all of these factors, we are satisfied that it was reasonable under the totality of the circumstances for the officer to enter the garage without a warrant. We conclude that the circuit court properly denied Rubenzer's suppression motion.
By the Court .-Judgment affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

In addition to arguing that the community caretaker exception applies in this case, the State also argues that the officer's entry was reasonable under State v. Leutenegger , 2004 WI App 127, 275 Wis. 2d 512, 685 N.W.2d 536. We need not address this argument because we affirm on other grounds. See Ehlinger v. Hauser , 2010 WI 54, ¶ 66, 325 Wis. 2d 287, 785 N.W.2d 328 (issues that are not dispositive need not be addressed).